**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**KARRIE WRIGHT**                                                                                                          **PLAINTIFF**

**V.**                                                                                                          **CAUSE NO.: 1:09CV22-SA**

**GRAYCO CONSTRUCTION COMPANY, INC.**                                                   **DEFENDANT**

**DEFAULT JUDGMENT**

A hearing was held in this action on November 20, 2009, on the Motion for Default Judgment and Supplemental Motion for Default Judgment.

Federal Rule of Civil Procedure 55(b)(2) provides, in pertinent part:

The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

      (A) conduct an accounting;

      (B) determine the amount of damages;

      (C) establish the truth of any allegation by evidence; or

      (D) investigate any other matter.

The Plaintiff presented an affidavit of her alleged damages suffered as a result of the Defendant. In that affidavit, Plaintiff contends her lost income was $77,000. She claims she "suffered severe emotional distress because of the sexual harassment and retaliation." Further, she notes that she has "had to take medicine for anxiety and depression." In her Supplemental Motion for Default Judgment, Plaintiff requests $77,000 for lost income, $50,000 for mental anxiety and stress, and $100,000 for future loss income.

Based on Plaintiff's affidavit and request in her Motion for Default Judgment, the Court finds that $77,000 for lost income is reasonable. Thus, those damages are awarded in full.

Plaintiff seeks $50,000 for mental anxiety and stress. Emotional damages in Title VII cases

require some specificity, including corroborating testimony or medical or psychological evidence to support a request for intangible loss. Patterson v. P.H.P. Healthcare Corp., 90 F.3d 927, 940 (5th Cir. 1996) (extending Carey v. Piphus, 435 U.S. 247, 264, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978), damages to Title VII cases). Plaintiff averred that because of Defendant's "illegal sexual harassment," she has had to take medication for anxiety and depression. Plaintiff was not present at the hearing on this matter, thus, she was unable to further clarify her damages. In the interest of fairness, and mindful of the standard to support such damages, the Court awards $5,000 in emotional distress damages to Plaintiff. See Giles v. Gen. Elect., 245 F.3d 474, 488 (5th Cir. 2001) (emotional damages unsupported by competent evidence concerning the injury cannot be compensated by any award greater than nominal damages).

Front pay is a form of equitable relief contemplated by Title VII and is intended "to compensate the plaintiff for lost future wages and benefits." Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 526 (5th Cir. 2001) (citing Shirley v. Chrysler First, Inc., 970 F.2d 39, 44 (5th Cir. 1992); see 42 U.S.C. § 2000e-5(g)(1) (2001); Pollard v. E.I. du Pont de Nemours & Co., 150 L. Ed. 2d 62, 121 S. Ct. 1946, 1950 (2001). The Fifth Circuit has held that "although reinstatement is the preferred remedy for a discriminatory discharge, front pay may be awarded if reinstatement is not feasible." Rutherford v. Harris County, 197 F.3d 173, 188 (5th Cir. 1999) (citing Woodhouse v. Magnolia Hosp., 92 F.3d 248, 257 (5th Cir. 1996)). Moreover, the Fifth Circuit will "look to the record to determine why the district court considered reinstatement infeasible." Weaver v. Amoco Prod. Co., 66 F.3d 85, 88 (5th Cir. 1995) (citing Walther v. Lone Star Gas Co., 952 F.2d 119, 127 (5th Cir. 1992)). Thus, this Court is required to adequately articulate the reasons for finding reinstatement to be infeasible and for awarding front pay instead. See Rutherford, 197 F.3d at 188.

Plaintiff alleges she was subject to repeated sexual harassment by male employees, her employer was aware of that pervasive sexual harassment, and Grayco Construction Company was willfully indifferent to that sexual harassment. Due to Plaintiff's allegations of sexual harassment, Defendant's failure to address the harassment, and the Defendant's failure to appear in court, reinstatement is not a viable option for this Plaintiff. Thus, front pay is appropriate.

Plaintiff suggests two years of front pay as reasonable compensation. In her affidavit, Plaintiff states that while employed with the Defendant, she was making $11.00 an hour. At the hearing, Plaintiff's counsel represented to the Court that Plaintiff was currently making $2.13 an hour plus tips at Applebee's in Tupelo, Mississippi. While no testimony was received to approximate the amount of tips the Plaintiff is likely to receive over the time period requested, the Court will round up Plaintiff's potential compensation in her new employment to the current minimum wage, $7.25 an hour. Thus, Plaintiff is awarded $15,600.00 for front pay for the requested two year period.[1]

*Conclusion*

Plaintiff's Motion for Default Judgment is GRANTED, but not to the extent requested. Based on the arguments made at the hearing of this matter, as well as the Court's own research after that hearing, the Plaintiff is awarded $77,000 for lost income, $5,000 in emotional distress damages, and $15,600 for front pay, for a total of $97,600.

SO ORDERED, this the 30th day of November, 2009.

/s/ Sharion Aycock
U.S. DISTRICT JUDGE

---

[1] $11.00(40) = $440; $440(104) = $45,760. $7.25(40) = $290; $290(104) = $30,160. $45,760 - 30,160 = $15,600

3